J-S21045-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DONALD TROUTMAN, | : | |
| | : | |
| Appellant | : | No. 1830 WDA 2019 |

Appeal from the PCRA Order Entered December 5, 2019
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0004416-2007

BEFORE:  LAZARUS, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    FILED JUNE 26, 2020

Donald Troutman ("Troutman") appeals from the Order dismissing his

serial Petition for relief filed pursuant to the Post Conviction Relief Act

("PCRA").  See 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In its Opinion, the PCRA court summarized the relevant factual history

as follows:

> [Troutman] lived in a one bedroom apartment in East Liberty[, Pittsburgh, Pennsylvania,] with his two biological children, including the Victim, and his then-girlfriend, Angela Sykes [("Sykes")], and her children.  The Victim testified at trial that when she was seven, [Troutman] raped her on three separate occasions while they were living together.  The Victim moved in with her biological mother and did not have contact with [Troutman] again until she was thirteen[]years old.  Shortly after [Troutman] and the Victim were reunited, the Victim began to have seizures several times a week, which were attributed to her psychological trauma.  The Victim texted her sister and told her about [Troutman] raping her when she was younger.  The Victim's sister then told their mother, who alerted the police.

PCRA Court Opinion, 1/22/20, at 2.

On October 5, 2009, following a bench trial, Troutman was convicted of two counts each of incest, rape by forcible compulsion, statutory sexual assault, sexual assault, endangering the welfare of children, and corruption of minors.[1] The trial court sentenced Troutman to an aggregate term of 7½ to 15 years in prison. Troutman was also subject to lifetime registration requirements under Megan's Law. Troutman filed post-sentence Motions, which the trial court denied. This Court affirmed Troutman's judgment of sentence on June 14, 2011. See Commonwealth v. Troutman, 31 A.3d 744 (Pa. Super. 2011) (unpublished memorandum).

Following his direct appeal, Troutman filed several pro se filings, which were treated as PCRA Petitions,[2] and each of which was dismissed.

Troutman, pro se, filed the instant PCRA Petition on July 31, 2018, claiming that he received an Affidavit from Sykes (which he attached to his Petition) on June 6, 2018, stating her belief that Troutman did not assault the Victim in their home or their neighbors' residence.[3] The PCRA court appointed Troutman counsel, who filed an Amended PCRA Petition on Troutman's behalf.

_____

[1] See 18 Pa.C.S.A. §§ 4302, 3121(a)(1), 3122.1, 3124.1, 4304(b), 6301(a)(1).

[2] "[A]ny petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." Commonwealth v. Jackson, 30 A.3d 516, 521 (Pa. Super. 2011) (citation and quotation marks omitted).

[3] The Affidavit was signed and notarized on April 17, 2018.

Counsel attached thereto a "Summary of proposed witness testimony" of Sykes (the "witness certification").[4] The Commonwealth filed an Answer. On November 13, 2019, the PCRA court issued Pa.R.Crim.P. 907 Notice of Intent to dismiss Troutman's Petition without a hearing. The PCRA court dismissed the Petition on December 5, 2019.

Troutman filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

Troutman now raises the following questions for our review:

1. Did the PCRA court err and abuse its discretion by denying [Troutman's] Amended PCRA Petition without first conducting an evidentiary hearing?

2. Did the PCRA court err [by] determining that the witness certification statement contained in the pro[]se and Amended PCRA Petition did not substantially comply with 42 Pa.C.S.[A.] § 9545(D)(1)(ii) regarding witness certification?

Brief for Appellant at 4-5 (some capitalization omitted; issues numbered).

Our standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

_____

[4] The PCRA court noted in its Opinion that the Sykes's Affidavit "was edited into a witness certification[,] and the original [A]ffidavit was not attached." PCRA Court Opinion, 1/22/20, at 5. Additionally, as the Commonwealth points out in its appellate brief, "the witness certification appears to quote a different written statement [than the Affidavit], also apparently from Sykes." Commonwealth's Brief at 13.

Commonwealth v. Garcia, 23 A.3d 1059, 1061 (Pa. Super. 2011) (citations omitted). Further, there is no absolute right to an evidentiary hearing, and the PCRA court has discretion to deny a petition without a hearing "if the PCRA court determines that the petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence." Commonwealth v. Hart, 911 A.2d 939, 941 (Pa. Super. 2006).

Initially, under the PCRA, any PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1) (emphasis added). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." Id. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. Commonwealth v. Albrecht, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Troutman's judgment of sentence became final in July 2011, when the time for filing a petition for allowance of appeal with the Pennsylvania Supreme Court expired. See Pa.R.A.P. 1113(a). Because Troutman did not file the instant PCRA Petition until July 2018, it is facially untimely.

However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of three exceptions set forth under

- 4 -

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any petition invoking one of these exceptions "shall be filed within one year of the date the claim could have been presented." Id. § 9545(b)(2).

We will address Troutman's claims together, as they are related. In his first claim, Troutman asserts that the PCRA court erred in denying his Petition without an evidentiary hearing. See Brief for Appellant at 16-20. Troutman claims that the PCRA court should have permitted him to introduce the testimony of Sykes, which, he claims, would raise "a genuine issue of fact specifically regarding the time and place the Victim was attacked as well as the identity of the attacker." Id. at 17.[5] According to Troutman, Sykes would have testified that "there was never an evening during the school week when [Troutman] and [] Sykes were separate and apart." Id. at 18. Further, Troutman contends that Sykes was homeless and living in Las Vegas at the

_____

[5] In his first argument, Troutman improperly refers to Sykes's proposed testimony as "after-discovered evidence," cites to 42 Pa.C.S.A. § 9543(a)(2)(vi), and discusses the requirements for establishing an after-discovered evidence claim. The PCRA court also incorrectly cited and discussed the requirements for an "after-discovered evidence claim." See PCRA Court Opinion, 1/22/20, at 5-6. Because Troutman's PCRA Petition was untimely filed, the proper claim is the newly-discovered facts exception to the PCRA's timeliness requirements set forth at 42 Pa.C.S.A. § 9545(b)(1)(ii). See Commonwealth v. Burton, 158 A.3d 618, 629 (Pa. 2017) (reiterating that "the newly-discovered facts exception to the time limitations of the PCRA, as set forth in subsection 9545(b)(1)(ii), is distinct from the after-discovered evidence basis for relief delineated in 42 Pa.C.S.[A.] § 9543(a)(2)."). Because Troutman properly references the newly-discovered facts exception in his second argument, and this error has not impeded our review, we will address Troutman's claim.

- 5 -

time of his trial, and therefore, "no amount of diligence would make contacting her as a witness for trial a possibility." Id. at 18. Troutman claims that Sykes's proposed testimony warrants an evidentiary hearing. Id. at 19-20.

In his second claim, Troutman contends that the PCRA court incorrectly determined that the witness certification statement attached to his Petition failed to comply with 42 Pa.C.S.A. § 9545(d)(1)(ii). Brief for Appellant at 20. Troutman states that the witness certification attached to his original pro se Petition was signed by Sykes and notarized, and he "augmented" the witness certification by including Sykes's address in the Amended PCRA Petition. Id.

To prove the newly-discovered facts exception at section 9545(b)(1)(ii), "the petitioner must establish that the facts upon which the claim was predicated were unknown and could not have been ascertained by the exercise of due diligence." Commonwealth v. Brown, 141 A.3d 491, 500 (Pa. Super. 2016) (citation omitted). "Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have obtained the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced." Commonwealth v. Monaco, 996 A.2d 1076, 1080 (Pa. Super. 2010) (citations omitted).

Despite Troutman's assertion that he received Sykes's Affidavit in June 2018, Troutman fails to identify any "fact" set forth in the Affidavit that was unknown to him prior to that time. In both the Affidavit and witness certification, Sykes essentially states that Troutman could not have assaulted

the Victim, because Sykes was at home in their one-bedroom apartment, where she and Troutman slept in the same bed, and she was awake much of the night caring for an infant. See Affidavit, 4/17/18, at 1; Amended PCRA Petition, 3/13/19, at 8-9. Presumably, these facts would have been known to Troutman prior to trial. See PCRA Court Opinion, 1/22/20, at 6 (stating that "if [Troutman] now claims that [] Sykes was in the apartment during the time of the rapes, he certainly knew that at the time of trial."); see also Commonwealth v. Brown, 111 A.3d 171, 176 (Pa. Super. 2015) (stating that "the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts." (citation and quotation marks omitted)). Moreover, beyond a bald allegation that Sykes was homeless and living in Las Vegas without a cell phone or landline, Troutman does not explain why he was unable to uncover Sykes's proposed testimony sooner. Indeed, Troutman does not allege that he or his counsel made any attempts to contact Sykes prior to trial. See Amended PCRA Petition, 3/13/19, at 8-9 (in the witness certification, citing Sykes's statement that no one contacted her about Troutman's trial or asked her to testify on his behalf). Therefore, Troutman failed to plead and prove the newly-discovered

fact exception to the PCRA's timeliness requirements.[6]  Accordingly, we affirm the PCRA court's Order dismissing Troutman's Petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/26/2020

_____

[6] The PCRA court's Opinion and Troutman's appellate brief primarily focus on Troutman's compliance with witness certification requirements.  However, even assuming the witness certification contained in Troutman's Amended PCRA Petition complied with the requirements set forth at section 9545(d), Troutman failed to invoke the PCRA court's jurisdiction by pleading and proving an exception to the PCRA's time bar.  See Commonwealth v. Benner, 147 A.3d 915, 919 (Pa. Super. 2016) (stating that "we may affirm a PCRA court's decision on any grounds if the record supports it." (citation omitted)).